UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Richard M. Picinich,

Plaintiff,

-v.-                                                                    5:01-CV-01868
                                                                        (NPM)

United Parcel Service, Jim Grover,
Brendan Canavan, Jeffrey Wilson and
United Parcel Service of America, Inc.,

Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|

FOR THE PLAINTIFF:

| Legal Services of Central New York | Susan M. Young |
| 472 South Salina Street | |
| Suite 300 | |
| Syracuse, New York 13202 | |

| Outten & Golden LLP | Mark H. Humowiecki |
| 3 Park Avenue, 29th Floor | Cara E. Greene |
| New York, New York 10016 | |

FOR THE DEFENDANTS:

| Day Pitney LLP | Jonathan M. Borg |
| 7 Times Square | Adin C. Goldberg, on the brief |
| New York, New York 10036 | |

| Day Pitney LLP | Theresa D. Egler |
| P.O. Box 1945 | |
| Morristown, New Jersey 07962-1945 | |

Neal P. McCurn, Senior District Judge

## <u>*MEMORANDUM-DECISION AND ORDER*</u>

## *I.      Introduction*

Presently before the court is a motion for attorney's fees by plaintiff, Richard M. Picinich ("Plaintiff" or "Picinich").  <u>See</u> Dkt. No. 104.  Picinich commenced this action against defendants United Parcel Service ("UPS"), Jim Grover ("Grover"), Brendan Canavan ("Canavan"), and Jeffrey Wilson ("Wilson") (collectively, "Defendants"), alleging violations of the Americans with Disabilities Act ("ADA") and New York Human Rights Law ("NYHRL").  Specifically, Picinich claimed that UPS failed to provide him with a reasonable accommodation and discriminatorily discharged him in violation of the ADA and NYHRL. Picinich also claimed that defendants Grover, Canavan and Wilson discriminated against him because of his disability and failed to provide him with a reasonable accommodation in violation of the NYHRL, as well as aided and abetted violations of the NYHRL.

After conducting a bench trial on Plaintiff's claims, this court issued its findings of fact and conclusions of law, ordering judgment in favor of Plaintiff on his failure to accommodate claim against UPS, Grover and Wilson, and judgment in favor of Plaintiff on his discriminatory discharge claim against UPS and Wilson.  Picinich was awarded back pay in the amount of $31,370.41 and compensatory damages in the amount of $50,000, but his request for an order of reinstatement was denied.  In addition, this court denied Picinich's request for front pay after February 2002, finding that he failed to mitigate damages after that

date.  See Picinich v. United Parcel Service, No. 01-CV-1868, 2005 WL 3542571 (N.D.N.Y. Dec. 23, 2005).

This court also awarded attorney's fees to Picinich under the ADA, see 42 U.S.C. § 12205, and directed him to submit an application for same with 45 days of entry of judgment.  Final judgment having been entered on January 18, 2006, Plaintiff's application for attorney's fees was timely filed on March 3, 2006.  In the interim, however, both parties filed their respective Notices of Appeal on February 17 and 27, 2006.  See Dkt. Nos. 100, 102.  Consequently, this court issued an order holding in abeyance a determination regarding Plaintiff's application for attorney's fees until resolution of the parties' appeals.  See Dkt. No. 107.

On June 11, 2007, the Court of Appeals for the Second Circuit issued a Summary Order affirming this court's findings regarding liability as well as its decision declining to issue an order of reinstatement, but vacated its decision that Picinich failed to mitigate damages and remanded for reconsideration of that issue. See Picinich v. United Parcel Service, 236 F.App'x 663, 665-66, 2007 WL 1704948 (2d Cir. June 11, 2007).  Contemporaneously with the filing of this Memorandum, Decision and Order, a separate MDO has been issued regarding the mitigation of damages issue, finding that this court's previous determination was in error and finding that Picinich is entitled to back pay through January 2006, as well as front pay through February 2024, when he attains age 65.  The total monetary award now due Picinich, exclusive of interest, is $1,480,597.16.  No appeal of said order having yet been filed, this court retains jurisdiction of this action, and therefore, a determination of Plaintiff's application for attorney's fees

3

is appropriate.

## II.     Discussion

Pursuant to the ADA, "the court . . . , in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses [] and costs... ."  42 U.S.C. § 12205.  Presently before the court is Plaintiff's application for attorney's fees and costs totaling $100,517.32.  Plaintiff's application complies with the rule in this circuit requiring that it must be accompanied with contemporaneous time records which "specify for each attorney, the date, the hours expended, and the nature of the work done." Cruz. v. Local Union No. 3, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)).  The court, in order to determine what fee is reasonable, must multiply the number of hours spent on the matter by a reasonable hourly rate.  See Paramount Pictures Corp. v. Hopkins, No. 5:07-CV-593, 2008 WL 314541, at *4 (N.D.N.Y. Feb. 4, 2008).  The Court of Appeals for the Second Circuit has recently provided some guidance to the district courts for determining what is a "presumptively reasonable fee," suggesting that the courts determine "what a reasonable, paying client would be willing to pay[.]" Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, — F.3d —, 2008 WL 961313, at *1 (2d Cir. Apr. 10, 2008) ("Arbor Hill").  In order to reach such a determination, the Second Circuit instructs that

the district court should consider, among others, the Johnson factors[1];

---

[1] The Johnson factors are as follows: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's

4

> it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the 'presumptively reasonable fee.'

Arbor Hill, 2008 WL 961313, at *7.  Courts in the Northern District of New York have recently determined,

> based upon these factors, that the reasonable hourly rates in this District, i.e., what a reasonable, paying client would be willing to pay, were $210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals.

Paramount Pictures Corp., 2008 WL 314541, at *5 (citing New Paltz Cent. Sch. Dist. v. St. Pierre, No. 1:02-CV-981, 2007 WL 655603, at *2 (N.D.N.Y. Feb. 26, 2007).  See also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 419 F.Supp.2d 206 (N.D.N.Y. 2005); Boyke v. Superior Credit Corp., No. 01-CV-0290, 2006 WL 3833544, at *10 (N.D.N.Y. Dec. 28, 2006) (citing DIRECTV, Inc. v. Cruz, No. 5:03-CV-644, 2006 WL 3386774, at *3 (N.D.N.Y.

---

customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, — F.3d —, 2008 WL 961313, at *4 n.3 (2d Cir. Apr. 10 2008) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

Nov. 21 2006)).

Defendants oppose Picinich's application for attorney's fees on several grounds, which the court will address in turn.  The court need not spend much time on Defendants' first argument, which is that the fees sought exceed the amount of monetary damages awarded and therefore should be reduced.  On remand, this court has increased the monetary damages award from $81,370.41 to $1,480,597.16.  Plaintiff seeks an award of attorney's fees that is less than ten percent of the damages award.  Accordingly, the attorney's fees sought will not be reduced on this basis.

Next, Defendants argue that any fees incurred prior to January 1, 2004, while Legal Services of Central New York ("LSCNY") was receiving federal funds, should not be awarded pursuant to the Legal Services Corporation Act.  The Legal Services Corporation Act ("LSCA") prohibits recipients of federal funding under the Act from receiving reimbursement of attorney's fees.  See 42 U.S.C. § 2996; Brooklyn Legal Servs. Corp. v. Legal Servs. Corp., 462 F.3d 219, 222 (2d Cir. 2006).  See also 45 C.F.R. § 1642.  Plaintiff notes that LSCNY, his counsel in this action, no longer received funds from the federal government under the LSCA effective January 1, 2004, but that "Counsel for the Legal Services Corporation has opined that an entity no longer receiving [LSCA] funding may seek attorneys' fees for time spent on a case when the entity was still receiving funding through the [LSCA]."  Mem. of Law in Supp. of Pl.'s Mot. for Att'y Fees, at 1, Dkt. No. 104.  Plaintiff fails to cite any statute, regulation or judicial opinion in support of this contention.  Accordingly, this court declines to award Plaintiff attorney's fees for the period preceding January 1, 2004.

Third, Defendants argue that the reduction in fees by Plaintiff's counsel to account for work done which was related solely to the NYHRL claims is insufficient as those claims significantly outnumbered Plaintiff's "lone" ADA claim. See Defs' Mem. of Law in Opp'n to Pl's Mot. for Att'y Fees, at 4, Dkt. No. 106. While an award of attorney's fees is allowed under the ADA, see 42 U.S.C. § 12205, a prevailing party is not entitled to such an award under the NYHRL, see McGrath v. Toys "R" Us, Inc., 3 N.Y.3d 421, 433, 788 N.Y.S.2d 281, 287, 821 N.E.2d 519, 525 (N.Y. 2004); Robins v. Max Mara, U.S.A., Inc., 923 F.Supp. 460, 464 (S.D.N.Y. 1996). By affidavit, each of Plaintiff's counsel explained that they did not discriminate in their record-keeping between time spent on liability of the individual defendants under the NYHRL and liability of UPS under the ADA. See Aff. of David T. Hutt, Feb. 24, 2006, ¶ 14; Aff. of Susan M. Young, Mar. 3, 2006, ¶ 10. Each attorney therefore reduced their respective compensable hours by twenty percent to reflect the amount of time spent on NYHRL claims. See id. Defendants argue the twenty percent reduction is insignificant considering that Picinich did not prevail at all against Canavan, and prevailed only partially against the other two individual defendants. Nonetheless, aside from the aiding and abetting claim, analysis of the other NYHRL claims mirrored that under the ADA. See Picinich, 2005 WL 3542571, at *18, n.3. Accordingly, the court will accept Plaintiff's counsel's twenty percent reduction as appropriate.

Defendants' fourth argument deals with the prevailing hourly rate proposed by Plaintiff. Each of Plaintiff's counsel suggest that the prevailing hourly rate for their services in this district is $175. Defendants argue that Mr. Hutt, an attorney who was admitted to practice law in 2001, is due only $125 per hour, which is the

7

prevailing rate in this district for an attorney with more limited experience. Regarding Ms. Young, who has in excess of twenty years of experience, Defendants argue her hourly rate should be reduced to $150 because the damages awarded were significantly below the amount sought, and because Plaintiff did not prevail on all of his claims.  As previously discussed, the prevailing rates in this district are now $210 per hour for an experienced attorney and $120 per hour for an attorney with less than four years experience.  See supra, at 5.  Considering the complexity of this case and the amount of damages awarded, this court is reluctant to reduce the hourly rates for Plaintiff's counsel below what is accepted in this district as the rates a reasonable, paying client would be willing to pay. Accordingly, fees for services rendered by Ms. Young will be awarded at a rate of $210 per hour, and fees for services rendered by Mr. Hutt will be awarded at a rate of $120 per hour.

Defendants' fifth argument is that Plaintiff should not be allowed to recover for costs associated with services provided by Marvin Reed because he was not qualified as an expert and his report was not admitted into evidence.  The court reminds Defendants of the following exchange which took place between the court and counsel for Defendants regarding Mr. Reed's status as an expert and the use of his report during trial:

> MR. GOLDBERG: I object to [Marvin Reed] being an expert *in an area other than vocational rehabilitation counseling* and I object to the introduction of Plaintiff's Exhibit 87 as an expert report.  The only thing Plaintiff's Exhibit 87 represents - -
> THE COURT:    I sustain your objection. However, he's testified as to a lot of the material in there.

>            MR. GOLDBERG:    Understood.
>            THE COURT:    And so you may use the report to
> examine him on and then on redirect examination counsel may - -
>            MR. GOLDBERG:    So it's understood, this is not
> an expert report on lost earnings, is that - - do I understand that to be
> your ruling, your Honor?
>            THE COURT:    No, my ruling is I sustain your
> objection to the exhibit, unless they lay proper foundation.
>            MR. GOLDBERG:    All right.  Thank you, your
> Honor.

<u>See</u> Tr. 476:12-477:4, Dkt. No. 87 (emphasis added).  It is clear that Mr. Reed's

status as an expert in vocational rehabilitation counseling is not in question, and in

that regard, it is the only capacity in which Mr. Reed's testimony was relied upon

by this court in its December 2005 MDO, as well as in its recent MDO regarding

the mitigation issue on remand from the Second Circuit.  To the extent Defendants

object to an award of costs associated with the compilation of Mr. Reed's report,

while it was never admitted into evidence, as the court stated, Mr. Reed testified to

a lot of the material in the report.  Accordingly, the court declines to grant

Defendants' request that costs regarding Mr. Reed's services be eliminated or

reduced from Plaintiff's award for fees and costs.

    Next, Defendants argue that the costs associated with the services of

Picinich's treating physician, Dr. Jeffrey Kahn, should be reduced as they are

"grossly out of line in connection with his preparation to testify[.]"  Defs.' Mem.

of Law at 6.  By attorney affidavit, Picinich in fact refers to Dr. Kahn as his

treating physician, not an expert witness.  Likewise, Picinich also requests, by

attorney affidavit, the costs of services provided by Dr. Mikesell, a treating

psychologist, not an expert witness.  Because requests for fees of a "treating

physician, not an expert witness" are excluded from reimbursement, Defendants will not be required to cover either of Dr. Kahn's or Dr. Mikesell's fees.  <u>Varone v. City of New York</u>, No. 02-Civ.-1089, 2004 WL 1192073, at *3 (S.D.N.Y. May 28, 2004) (quoting <u>Shannon v. Fireman's Fund Ins. Co.</u>, 156 F.Supp.2d 279, 304-05 (S.D.N.Y. 2001)).

Finally, Defendants argue, and the court agrees, that Plaintiff may not recover a consultation fee associated with the review of his case by an attorney who never represented Plaintiff nor performed any legal services in support of Plaintiff's motion for summary judgment or the trial in this action.  Accordingly, the court declines to award Plaintiff costs of $150 for "conference and review" of his case by Francis I. Walter, Esq.  <u>See</u> Hutt Aff. at ¶ 21(a); Ex. F.

### *III.    Conclusion*

In accordance with the foregoing discussion, Plaintiff's application for attorney's fees is hereby GRANTED in part and DENIED in part as follows:

| | |
|---|---|
| Fees for attorney Hutt | $27,768 |
| Fees for attorney Young | $22,092 |
| Expert witness fee | $4,335 |
| Litigation costs | $9,840.12 |
| Total award | $64,035.12 |

IT IS SO ORDERED.

DATED:      April 14, 2008
            Syracuse, New York

Neal P. McCurn
Senior  U.S. District Judge

10