# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

## SECOND AMENDED JUDGMENT IN A CIVIL CASE

**Richard M. Picinich**

      vs.                      **CASE NUMBER: 5:01-CV-1868 (NPM/GJD)**

**United Parcel Service; Jim Grover; Brendan Canavan; Jeffrey Wilson and United Parcel Service of America, Inc.**

**Decision by Court.**   This action came to Bench Trial before the Court. The issues have been tried and heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

That judgment be entered in favor of plaintiff, Richard M. Picinich of $243,652.58 in back pay, $1,218,314.99 in front pay, and $50,000 in compensatory damages pursuant to the Order of Senior U.S. District Judge Neal P. McCurn on April 11, 2008, which was affirmed by the Court of Appeals for the Second Circuit on March 31, 2009.

Pursuant to the April 11, 2008 Order, back pay is "measured from the date of termination until the date of judgment" and front pay is measured beginning at the time of judgment.  See Picinich v. United Parcel Service, 583 F.Supp.2d 336, 342, n.2 (N.D.N.Y. 2008) (aff'd 2009 WL 883405 (2d Cir. 2009)).  Because the judgment is hereby amended, consequently, the amounts of back pay and front pay must necessarily be amended, although **the total award remains the same**.  The prejudgment interest is therefore calculated on the award of compensatory damages, as well as back pay through April 2009.  Front pay is awarded from May 2009 through February 2024.

The award of compensatory damages, as well as back pay for April 2000 through April 2009, including prejudgment interest calculated pursuant to said Order for the period April 2000 through April 2009 is $591,271.29.  The award of front pay for the period May 2009 through February 2024 is $999,355.15.

Within 45 days of judgment, Defendant, United Parcel Service shall make contributions to Plaintiff, Richard M. Picinich's pension fund that it would have made if Plaintiff had received his full salary as a Preload Manager from April 2000 through the time of judgment, and will continue to make contributions until February 2024, when plaintiff attains the age of 65. Any post judgment interest shall be calculated in accordance with 28 U.S.C. section 1961(a).  Plaintiff's Motion for Attorney's Fees was granted in part and denied in part for a total award of $64,035.12 on April 14, 2008.

All of the above pursuant to the Orders of the Honorable Judge Neal P. McCurn, dated April 11, 2008 and April 14, 2008.

DATED: April 28, 2009

*Lawrence K. Baerman*
Clerk of Court

s/_____
 Joanne Bleskoski
 Deputy Clerk