UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Richard M. Picinich,

                              Plaintiff,

    -v.-                                           5:01-CV-01868 (NPM)

United Parcel Service, Jim Grover,
Brendan Canavan, and Jeffrey Wilson,

                              Defendants.

---

APPEARANCES:                           OF COUNSEL:

FOR THE PLAINTIFF:

Outten & Golden LLP               Allegra L. Fishel
3 Park Avenue, 29th Floor          Cara E. Greene
New York, New York 10016

FOR THE DEFENDANTS:

Day Pitney LLP                      Theresa D. Egler
P.O. Box 1945                        Wendy J. Lario
Morristown, New Jersey 07962-1945

Day Pitney LLP                      Jonathan M. Borg
7 Times Square
New York, New York 10036


Neal P. McCurn, Senior District Judge

## *MEMORANDUM-DECISION AND ORDER*

### *I.    Introduction*

Presently before the court is a motion by defendants[1] United Parcel Service ("UPS"), Jim Grover, Brendan Canavan, and Jeffrey Wilson (collectively, "Defendants") seeking "partial" relief from this court's April 28, 2009 Second Amended Judgment ("the Judgment") pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Plaintiff, Richard M. Picinich ("Plaintiff") opposes Defendants' motion and files a cross-motion "for clarification" of the Judgment.  The motions are decided on the papers submitted, without oral argument.

### *II.    Background*

Knowledge of the lengthy factual and procedural background of this protracted litigation is presumed, see Picinich v. United Parcel Service, 583 F.Supp.2d 336 (N.D.N.Y. 2008) (aff'd, 318 Fed.Appx. 34 (2d Cir. 2009)) ("Picinich III"); Picinich v. United Parcel Service, No. 5:01-CV-1868, 2005 WL 3542571 (N.D.N.Y. Dec. 23, 2005) (aff'd in part, vacated in part, 236 Fed.Appx. 663 (2d Cir. 2007) ("Picinich II");  Picinich v. United Parcel Service, 321 F.Supp.2d 485 (N.D.N.Y. 2004), and will only be discussed as is relevant to the pending motions.

After a non-jury trial, this court issued its findings of fact and conclusions of law on December 23, 2005, wherein it ordered, among other things, "that within

---

[1] Although counsel for defendants indicates in the September 23, 2009 letter motion that relief is sought solely on behalf of defendant United Parcel Service, counsel's accompanying declaration indicates that the motion is brought on behalf of all defendants.  The court will treat the motion accordingly.

2

45 days of entry of judgment, [UPS] shall make contributions to [Plaintiff's] pension fund." Picinich II, 2005 WL 3542571, at *31. An amended judgment was entered January 18, 2006. Thereafter, Plaintiff appealed and Defendants cross appealed. Upon remand from the Second Circuit, and after further briefing from the parties, this court issued a Memorandum-Decision and Order on April 11, 2008 wherein it again directed, among other things, "that within 45 days of entry of judgment, [UPS] shall make contributions to [Plaintiff's] pension fund." Picinich III, 583F.Supp.2d at 344. Defendants appealed, and the Second Circuit affirmed. After receipt of the Second Circuit's mandate, the Judgment was filed on April 28, 2009 wherein the court directed a third time that "[w]ithin 45 days of entry of judgment, [UPS] shall make contributions to [Plaintiff's] pension fund." Dkt. No. 127.

Defendants now seek partial relief from the Judgment insofar as it directs UPS to "make contributions to [Plaintiff's] pension fund" through February 2024, at which time Plaintiff attains age 65. See Dkt. No. 127. According to Defendants, UPS is legally prevented from complying with the court's directive, because to do so would violate the terms of the UPS Retirement Plan ("the Plan"), the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), and the Internal Revenue Code ("IRC").

By his cross motion to "clarify" the Judgment, Plaintiff seeks an order directing Defendants to calculate Plaintiff's pension benefits based upon his last five years of projected salary from 2020 through 2024 as if Plaintiff had received the same increases as other Preload Managers. Plaintiff further seeks an order directing Defendants to deem Picinich and his spouse "retirees" under the Plan for

3

purposes of retiree health insurance coverage for both after they reach age 65.

### III. Discussion

#### A. Rule 60(b) Legal Standard

Pursuant to Rule 60(b), this court, in its discretion, "may relieve a party or its legal representative from a final judgment, order or proceeding" for any of several enumerated reasons. Fed. R. Civ. P. 60(b). See also Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009). Such reasons include "mistake, inadvertence, surprise, or excusable neglect[,] . . . the judgment is void[,] . . . or . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (4) and (6), respectively. Relief under Rule 60(b) is deemed "extraordinary" and is available "only if the moving party demonstrates exceptional circumstances." Motorola Credit Corp., 561 F.3d at 126 (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)). Thus, the standard for vacating a final judgment under Rule 60(b) is a strict one, and the movant faces a heavy burden in over to prevail. See House v. Guadagno, No. 04-CV-0449, 2010 WL 843884, at *2 (E.D.N.Y. Mar. 9, 2010) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

#### B. Defendants' Motion for Partial Relief From the Judgment

Here, Defendants first contend that this court may grant their motion for relief under Rule 60(b) because the portion of the Judgment directing them to contribute to the Plan "is legally void and is based on the mistaken notion that [UPS] can make such contributions to [the Plan,] when it cannot," presumably relying on either Rule 60(b)(1) or (4). Defs.' Letter Motion at 2, Dkt. No. 148-1. In their reply brief, Defendants instead rely on Rule 60(b)(6), which permits relief

4

for any reason, other than the five previously enumerated reasons, "that justifies relief." Fed. R. Civ. P. 60(b)(6). For timeliness purposes, the difference is not academic, as Rule 60(b)(1) motions must be made "no more than a year after the entry of the judgment" whereas motions under Rule 60(b)(4) or (6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Notably, "[t]he . . . provisions are exclusive and a party 'cannot circumvent the one-year limitation [of Rule 60(b)(1)] by invoking the residual clause (6) of Rule 60(b).'" United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009) (quoting Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 702 (2d Cir.1972) (per curiam)).

To begin with, any argument that the Judgment is void pursuant to Rule 60(b)(4) has no merit. "A judgment is void ... *only* if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Thompson v. City of New York, No. 04-CV-2344, 2010 WL 1005866, at *2 (E.D.N.Y. Mar. 16, 2010) (quoting Grace v. Bank Leumi Trust Co., 443 F.3d 180, 193 (2d Cir.2006)) (emphasis added). As this court has jurisdiction of the subject matter and the parties, and no due process violation occurred, the Judgment is not void within the meaning of Rule 60(b)(4).

Nonetheless, Defendants' rationale for its motion, that the Judgment violates ERISA and the IRC, clearly falls within Rule 60(b)(1), which is available to correct mistakes of law by the court. See In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003) (citing Schildhaus v. Moe, 335 F.2d 529 (2d Cir. 1964)). The Second Circuit has made clear, however, that Rule 60(b)(1) motions to correct mistakes of law by the district court must "not be permitted past the deadline for filing a notice of appeal, thereby preventing Rule 60(b)(1) from becoming a way to assert an

5

otherwise time-barred appeal." Id. The Judgment was entered April 28, 2009, see Dkt. No. 127, and therefore, Defendants had until May 28, 2009 to file the present motion, see Fed. R. App. P. 4(a)(1).[2] Again, Defendants may not invoke Rule 60(b)(6) as a way to circumvent the time limitation of Rule 60(b)(1). See United Airlines, Inc., 588 F.3d at 175. Accordingly, Defendants' Rule 60(b) motion is time-barred.

Even if timely, however, Defendants' motion for relief from the Judgment would be denied. The sole basis for Defendants' motion, to wit, that compliance with the Judgment would violate ERISA and the IRC, lacks merit. To be sure, ERISA requires plan administrators to administer the plan in accordance with plan documents. See 29 U.S.C. § 1102(a)(1). Defendants argue that compliance with the Judgment would violate the terms of the Plan, and consequently, would also violate ERISA, because Plaintiff does not meet the Plan's definition of an eligible employee or Plan participant. Defendants fail to acknowledge, however, that as Plan sponsor, UPS can amend the terms of the Plan. See Aleo v. KeySpan Corp., No. 05-CV-4490, 2006 WL 2265306, at *3 (E.D.N.Y. Aug. 7, 2006) (citing Curtiss-Wright Corp. v. Schnoonejongen, 514 U.S. 73, 78, 115 S.Ct. 1223 (1995)).

---

[2] Notably, the language at issue in the Judgment first appeared in this court's December 23, 2005 Memorandum-Decision and Order. That decision was appealed by both parties, and eventually was remanded to this court for further determination regarding the issue of mitigation of damages. This court entertained further briefing from the parties, and issued a Memorandum-Decision and Order on April 11, 2008. Defendants again appealed, and the Second Circuit affirmed. At no time, until the present motion, did Defendants raise the issue regarding the illegality of UPS's compliance with that directive, either with this court during briefing on remand, or with the Second Circuit during either of its two appeals. Defendants claim that "the pension credit issue is not one that could or should have been raised . . . on appeal." See Defs.' Reply Mem. of Law at 6, Dkt. No. 155. If, as Defendants claim, this court made a legal error by directing that UPS make contributions to its pension fund on behalf of Plaintiff when to do so would be a statutory violation, Defendants certainly could have raised the issue on appeal.

6

In fact, the UPS "Retirement Plan Summary Plan Description," submitted by Defendants in support of their argument that Plaintiff does not meet the Plan's definition of an eligible employee or participant, includes the following disclaimer: "UPS reserves the right to amend or terminate the Plan or any portion of the Plan at any time for any reason." Ex. C to Decl. of Wendy Johnson Lario, Sept. 23, 2009, Dkt. No. 148-2. Defendants' argument that compliance with the Judgment would violate ERISA seems particularly disingenuous given that it is solely within defendant UPS's ability to prevent any such violation.

Defendants also argue that compliance with the Judgment would violate the IRC because their "initial contribution payment" into the Plan would exceed the annual compensation limit as set forth in 26 U.S.C. § 401(a)(17). Dkt. No. 148-1, at 5. The cited section of the IRC sets forth a compensation limit for employees who participate in pension plans as defined by the statute as follows:

> (17) Compensation limit. –
> (A) In general. – A trust shall not constitute a qualified trust under this section unless, under the plan of which such trust is a part, the *annual* compensation of each employee taken into account under the plan for any year does not exceed $200,000.

26 U.S.C. § 401(a)(17) (emphasis added). In other words, a pension plan, such as the Plan here, shall not meet the definition of a qualified trust under this statute unless the annual (i.e., yearly) compensation of each employee participating in the plan does not exceed a certain amount. There is absolutely nothing in this section which prevents Defendants from making pension contributions to the Plan on

7

behalf of Plaintiff.[3]

### C. Plaintiff's Motion for "Clarification" of the Judgment

As for Plaintiff's motion for "clarification" of the Judgment, the court interprets same as a motion pursuant to Rule 60. The court is mindful of the timeliness issue regarding this motion. However, to the extent both parties' submissions have made clear their misunderstanding of the Judgment as well as this court's April 11, 2008 Memorandum-Decision and Order, the court will address Plaintiff's motion for clarification regarding same.

Plaintiff seeks an order clarifying that Defendant UPS shall make contributions to his pension fund, taking into account annual compensation increases, and an order clarifying that defendant UPS shall continue Plaintiff's health benefit after he attains age 65.

In its April 11, 2008 Memorandum-Decision and Order, this court noted Plaintiff's request that front pay be calculated "without cost of living or other increases." See Picinich III, 583 F.Supp.2d at 343, n.6. Front pay includes fringe benefits, such as pension contributions. See id., at 342, n.2. Accordingly, Plaintiff's pension benefit shall not be calculated in such a way as to include cost of living or other increases.

Further, this court calculated health insurance as part of Plaintiff's front pay. See id., at 343. To the extent health insurance benefits for Plaintiff and his spouse

---

[3] Defendants make the incongruous assertion that the initial *contribution* to the Plan on behalf of Plaintiff in accordance with the Judgment would in fact be an amount equal to Plaintiff's base *salary* for a multiple-year period, and then argue that this initial *contribution* will exceed the *compensation* limit set forth in section 401(a)(17). In any event, Defendants misrepresent the meaning of section 401(a)(17) and its affect, or lack thereof, on Defendants' compliance with the Judgment.

8

are part of pension benefits that Plaintiff would have received had he continued his employment with UPS through age 65, such benefits must be available to him at age 65 in accordance with the Judgment.

### D. Attorneys' Fees

Finally, the court is mindful that also presently pending is Plaintiff's motion for attorneys' fees. See Dkt. No. 130. Plaintiff has made clear his intent to seek attorneys' fees related to the pending Rule 60 motions. The court will entertain a supplemental request from Plaintiff for attorneys' fees related to the opposition of Defendants' Rule 60(b) motion, but not as is related to Plaintiff's motion for clarification. Plaintiff shall file any such supplemental request for attorneys' fees within thirty days of the filing of this Memorandum-Decision and Order. Once all briefing is submitted, the court will decide Plaintiff's motion for attorneys' fees.

## IV. Conclusion

In accordance with the foregoing, it is

ORDERED that the motion by Defendants for partial relief from this court's April 28, 2009 Second Amended Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, see Dkt. No. 148, is DENIED in its entirety, and it is further

ORDERED that Plaintiff's motion "for clarification of the Second Amended Judgment," see Dkt. No. 149, is GRANTED in part and DENIED in part insofar as the court clarifies that pursuant to the Second Amended Judgment, pension contributions shall be calculated to include health insurance benefits for Plaintiff and his spouse if Plaintiff would have received such a benefit at age 65 had he

continued his employment with defendant UPS through age 65 and pension contributions shall not be calculated taking into account cost of living or other increases, and it is further

ORDERED that any supplemental request for attorneys' fees relating to Plaintiff's opposition to Defendants' Rule 60 motion shall be filed within thirty days of the filing of this Memorandum-Decision and Order.

In conclusion, the court wishes to express its sincere wish that going forward, the parties work cooperatively toward the goal of bringing this extremely protracted litigation to an end for the benefit of all involved.

IT IS SO ORDERED.

DATED: April 15, 2010
Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge